JOHN HOFFMAN v. JOHN BOWEN.

Where the jury found for the plaintiff a certain amount and interest thereon from the maturity of the note, and the judgment was entered for seventeen dollars too much, and this was the only assignment of error, and it did not appear that execution had been issued, and the defendant in error entered a remittitur of the excess in this Court, the judgment was affirmed at the costs of the plaintiff in error.

Error from Bexar. Tried below before the Hon. Thomas J. Devine.

Suit by defendant in error against plaintiff in error on a promissory note. Verdict for plaintiff for $375, with interest until paid, from maturity of the note. Judgment for $497 50 ; $17 59 too much. No notice of appeal. Writ of error by defendant, with the single assignment, that the judgment on the verdict should have been for only $479 91. The judgment was rendered on the 6th of May, and the petition for the writ

Hoffman v. Bowen.

of error was filed on the 1st of September. Execution did not appear to have been issued.

*Denison* and *West,* for defendant in error.

LIPSCOMB, J. The error assigned in this case is, that the judgment is for a greater amount than is authorized by the finding of the jury.

On reference to the verdict and judgment, it is found that there is a mistake in the calculation of interest by the Clerk, and it exceeds the true amount about seventeen dollars and fifty-nine cents. The appellee offers to remit this excess, and asks an affirmation of the judgment. There is nothing to be considered of, but the costs : and under the circumstances of this case, we are of the opinion that the appellant is not entitled to costs. It is clear, that it is the mistake of the Clerk that has furnished the appellant with his sole ground of error ; nor has he assigned any other ; and it does not appear to us to have been more the duty of the plaintiff below to have inspected the Clerk's calculation of interest, than it was for the defendant. Had it been noticed at the time, it would have been corrected without any additional costs. Or had the appellant, before perfecting his appeal, given notice to the appellee, it could and no doubt would have been corrected in the Clerk's office by the appellee. It appears, however, that it must have been known to appellant, at the time the judgment was rendered ; because he claims an appeal from the judgment, and assigns the mistake of the Clerk as grounds for reversing the judgment. On the appellees entering the remittitur the judgment will be affirmed with costs.

Judgment affirmed.